<hr />

## PEARSALL v. VAN ZANDT.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

RELEASE—EFFECT AS TO JOINT DEBTORS.

> Plaintiff entered into a contract with L., W., and defendant to erect an improvement on land owned by them jointly, one-third of the contract price to be paid on completion of the work, and the balance one year thereafter. Soon after the work was completed, L. and W., without waiting for the expiration of the year, each paid plaintiff one-third of the whole contract price, in consideration of a release of all further claims against them. *Held*, that defendant's liability to pay forthwith her proportionate part of the cash payment stipulated for by the contract was not thereby affected, since the payment made by L. and W. was a composition between them and plaintiff, which Code Civ. Proc. § 1942, provides shall not affect a creditor's right of action against any joint debtor not a party to the composition.

Appeal from special term, Westchester county.

Action by Charles E. Pearsall against Harriet F. Van Zandt to foreclose a mechanic's lien for labor and material in building a crib bulkhead on property owned by defendant jointly with James B. Ludlow and Annie L. Winters. The contract to build the bulkhead was made with James B. Ludlow, acting for the three joint owners, and provided that one-third of the contract price should be paid on completion of the work, and the balance one year thereafter, with 5 per cent. interest. The contract price was $4,589.50. Extra work was done to the amount of $9. The work was completed on May 25, 1895. On August 14th following, James B. Ludlow and Mrs. Winters each paid $532.84, being their shares of the cash payment required by the contract to be made on completion of the work. On the next day they each paid plaintiff $1,000, and took a release from plaintiff for all claims against them under the contract. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Dwight S. Herrick, for appellant.
Benjamin A. Gould, for respondent.

PER CURIAM. This is a suit to foreclose a mechanic's lien, in which the plaintiff was successful at the special term. The plain-

tiff claimed compensation under a contract for materials furnished and labor performed in building a crib bulkhead in the city of Yonkers, for the Ludlow estate, which designation applied to James B. Ludlow, Annie L. Winters, and the defendant, Harriet F. Van Zandt, who were the equal owners, as tenants in common, of the land upon which the crib bulkhead was built. The principal question of fact litigated upon the trial was whether Mr. James B. Ludlow, with whom the contract was actually made, had any authority to bind the defendant. The learned judge at special term found that he had such authority, and we think there is sufficient evidence to sustain this finding.

The only other point of importance which the case presents relates to the effect of certain payments made by the other two parties to the contract, Mr. Ludlow and Mrs. Winters, in composition of the plaintiff's claim against them. Code Civ. Proc. § 1942. One-third of the sum payable under the contract was to be paid when the work was done, and the balance within one year thereafter. Some time after the completion of the work, Mr. Ludlow paid his one-third, and Mrs. Winters paid her one-third. The next day, Mr. Ludlow paid $1,000, and Mrs. Winters paid $1,000 to the plaintiff, in order to procure a discharge of his claim against them, and received instruments of acknowledgment which amounted to releases of their indebtedness, under section 1942 of the Code. The defendant insists that inasmuch as these payments of $1,000 each, together with the sums previously paid by Mr. Ludlow and Mrs. Winters, amounted to more than one-third of the contract price, the plaintiff had received more than was due him at the time of the commencement of this action, and therefore the complaint should have been dismissed. This argument ignores the purpose for which the payments of $1,000 each were made. The joint debtors thereby simply sought to compound the claim against them payable by its terms in the future. This they had just as much right to do effectively, under the Code, as they had to compound a claim previously payable. The composition thus effected did not change in any respect the rights of the plaintiff as against the joint debtor who did not participate in the composition.

The judgment should be affirmed, with costs.